In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-13-00513-CV
_____

IN RE COMMITMENT OF ALONZO MAY

On Appeal from the 435th District Court
Montgomery County, Texas
Trial Cause No. 12-12-13065-CV

MEMORANDUM OPINION

Alonzo May appeals from a jury verdict that resulted in his civil commitment as a sexually violent predator. *See* Tex. Health & Safety Code Ann. §§ 841.001-.151 (West 2010 & Supp. 2014). In two issues, May contends that the trial court erred by striking his counterclaim, by failing to properly take judicial notice of two United States Supreme Court cases, and by denying the requests May submitted to instruct the jury on the meaning of several of the terms used by the trial court in the charge that was given to the jury. We conclude that May's issues

1

are without merit; therefore, we affirm the judgment and order of civil commitment.

In issue one, May argues the trial court erred by striking his counterclaim. In May's counterclaim, May asked for a declaratory judgment and temporary injunctive relief against the State of Texas and the Special Prosecution Unit. May's counterclaim asserts that Chapter 841 of the Texas Health and Safety Code, the statute authorizing the State to seek the civil commitment of sexually violent predators, is unconstitutional. *See id.*; Tex. R. Civ. P. 97. The State filed a motion to strike May's counterclaim.

The record shows that the trial court, in a pretrial hearing, considered the merits of the matters raised in May's counterclaim. After hearing argument about whether the SVP statute is unconstitutional, the trial court denied May's claim and struck his counterclaim. During the hearing, the trial court noted that the Texas Supreme Court had rejected the claim that the SVP statute is unconstitutional, and further stated that the United States Supreme Court had denied the appellant's application for a writ of certiorari. *See In re Commitment of Fisher*, 164 S.W.3d 637 (Tex. 2005).

May's claim, that the SVP statute is unconstitutional, is a matter that need not be raised in a counterclaim, as it is a matter that can be raised as an affirmative

defense. *See* Tex. R. Civ. P. 94; *In re Commitment of McCain*, No. 09-04-237-CV, 2004 WL 2955230, at *1 (Tex. App.—Beaumont Dec. 22, 2004, no pet.) (mem. op.). May's Second Amended Petition, his live pleading, asserts the SVP statute is unconstitutional as an affirmative defense to the State's suit. Before the case was submitted to the jury, and based on his affirmative defense which asserts the SVP statute is unconstitutional, May moved for a directed verdict in his favor. The trial court denied May's request for a directed verdict.

The record shows the trial court heard May's claim that asserts the SVP statute is unconstitutional. Additionally, on this record, the trial court did not prevent May from preserving his challenge to the constitutionality of the SVP statute. *See* Tex. R. App. P. 44.1(a)(2). However, although he could have done so, May has not challenged the constitutionality of the SVP statute in his appeal. May has neither shown that the trial court's decision to strike his counterclaim caused the trial court to render an improper judgment, nor has he shown that the trial court's decision to strike his counterclaim prevented him from presenting his constitutional challenges to the SVP statute on appeal. *See* Tex. R. App. P. 44.1(a). We overrule issue one.

In issue two, May argues that the trial court abused its discretion by failing to take judicial notice of two United States Supreme Court cases, which address

the constitutionality of Kansas's SVP statute. *See Kansas v. Crane*, 534 U.S 407 (2002); *Kansas v. Hendricks*, 521 U.S. 346 (1997); *see also* Tex. R. Evid. 201. According to May, the trial court denied his request for jury instructions based on its refusal to judicially notice these two cases. May contends that the two Kansas decisions entitled him to have the instructions he submitted included in the charge given to the jury.

The record does not support May's claim that the trial court rejected his request to take judicial notice of the Kansas cases at issue in the appeal. After being asked to take notice of the cases, the record shows the trial court stated: "I'll take judicial notice of all the law, constitution, statues, [and] the rules of procedure. I'll take judicial notice of all of them." While the trial court did take judicial notice of the applicable law, it did subsequently deny May's request to submit additional instructions based on the language found in the two Kansas cases at issue.

Under Texas law, trial courts are to submit such instructions and definitions as shall be proper to enable the jury to render a verdict. Tex. R. Civ. P. 277. "The trial court has considerable discretion in determining the necessity and propriety of explanatory instructions and definitions." *In re Commitment of Brown,* No. 09-10-00589-CV, 2012 WL 4466348, at *7 (Tex. App.—Beaumont Sept. 27, 2012, pet. denied) (mem. op.); *see Tex. Workers' Comp. Ins. Fund v. Mandlbauer*, 34 S.W.3d

909, 911 (Tex. 2000). Even if proposed instructions or definitions represent correct statements of the law, trial courts may still refuse to give instructions when such additional instructions are not necessary to enable the jury to render a verdict. *Brown*, 2012 WL 4466348, at *7. Additionally, an error by the trial court "in refusing a proposed instruction or definition is reversible only if it 'probably caused the rendition of an improper judgment[.]'" *Id.* (quoting Tex. R. App. P. 44.1(a)(1)).

"When a case is governed by a statute, the jury charge should track the language of the statutory provision as closely as possible." *In re Commitment of Meyer*, No. 09-13-00028-CV, 2014 WL 580723, at *3 (Tex. App.—Beaumont Feb. 13, 2014, no pet.) (mem. op.). The charge the trial court gave to the jury in May's case tracks the statute closely. The definitions that May requested are not substantially different from those provided in the statute. The broad-form charge the trial court used in May's case is consistent with the language in the Texas SVP statute, and it contains the applicable statutory definitions of terms relevant to SVP cases, including the definition in the statute for the term "'[b]ehavioral [a]bnormality[.]'" *See* Tex. Health & Safety Code Ann. § 841.002(2) (West Supp. 2014); *In re Commitment of Hill*, No. 09-11-00593-CV, 2013 WL 772834, at *15 (Tex. App.—Beaumont Feb. 28, 2013, pet. denied) (mem. op.);

*of Myers*, 350 S.W.3d 122, 129-30 (Tex. App.—Beaumont 2011, pet. denied). We have repeatedly held that the trial court may, within its discretion, submit the controlling issue in a single question and instruct the jury regarding the terms relevant to the statute by providing the jury with the statutory definitions for those terms. *See In re Commitment of Smith*, No. 09-12-00001-CV, 2013 WL 4279647, at *4 (Tex. App.—Beaumont Aug. 15, 2013, no pet.) (mem. op.).

In several prior cases, we have addressed the same argument that May raises in his appeal challenging the trial court's use of the statutory definition for the term "behavioral abnormality" in lieu of the defendant's proposed definition for that same term. *See Hill*, 2013 WL 772834, at *15; *Brown*, 2012 WL 4466348, at **7-8; *In re Commitment of Almaguer*, 117 S.W.3d 500, 505-06 (Tex. App.—Beaumont 2003, pet. denied). We have consistently rejected the argument May raises in his appeal about the proposed use of an alternative definition for the term "behavioral abnormality." *See Hill*, 2013 WL 772834, at *15; *Brown*, 2012 WL 4466348, at **7-8; *Almaguer*, 117 S.W.3d at 505-06. In May's case, the charge the trial court gave the jury contains the statutory criteria required by Texas's SVP statute. Other instructions on volitional control, such as the ones proposed by May, which differ from the criteria provided by the SVP statute, would simply "have

6

emphasized one aspect of this case already implicit in the broad-form question and statutory definitions." *Almaguer*, 117 S.W.3d at 506.

We hold the trial court did not err by refusing the instructions submitted by May. The matters addressed in May's requested instructions were encompassed by the charge the trial court gave the jury. *See id.* We conclude the trial court did not abuse its discretion by refusing May's requested instructions. *See* Tex. R. Civ. P. 277; *Brown*, 2012 WL 4466348, at **7-8. We overrule issue two. The trial court's judgment and order of civil commitment are affirmed.

AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on August 22, 2014
Opinion Delivered December 11, 2014

Before Kreger, Horton and Johnson, JJ.

7